IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-0224-WS |
| | ) | |
| DWAYNE DUHON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Sentencing was held on December 22, 2010 and judgment entered the following day. (Doc. 36). On January 3, 2011, the defendant filed a pro se "Motion for Reconsideration/Review of Sentence." (Doc. 39). Although the defendant mentions other grievances, his motion requests relief limited to a reduction of his sentence. (*Id.* at 1, 9).

"The court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered by amendment to the guidelines made retroactive by the United States Sentencing Commission; and (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c).

The director of the Bureau of Prisons has not moved to modify the defendant's sentence, nor does the defendant suggest that the sentencing guidelines have been amended in a manner beneficial to him. He does not invoke any statute, and modification "otherwise expressly permitted by statute" refers to motions to vacate under 28 U.S.C. § 2255. *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002). The defendant has not filed a motion to vacate, and any such motion would be premature, as his direct appeal remains pending.

Thus, the defendant's last chance for relief is Rule 35. Rule 35(b) requires a government motion for a reduced sentence, and none has been filed. Rule 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

"The seven-day period [now 14-day period] set out in Rule 35(c) [now Rule 35(a)] begins to run when a sentence is orally imposed, and when seven days [now 14] are up the court loses jurisdiction to correct a sentence under that subdivision of the rule." *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2000) (where court orally vacated original sentence within seven days of sentencing but did not impose a corrected sentence until later, it lacked jurisdiction to do so); *accord United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *United States v. Phillips*, 597 F.3d 1190, 1197 (11th Cir. 2010) ("[T]he court must act within seven [now 14] days after sentencing."). Sentence was orally pronounced on December 17, 2010, so the 14-day period expired on December 31, 2010. Even if the time was extended because of the holiday weekend, *see* Fed. R. Crim. P. 45(a)(1), it expired no later than January 3, 2011.

The defendant's motion was not received by the Clerk until January 3, 2011. A few hours later, the window period of Rule 35(a) expired, and once it did the Court lacked jurisdiction to alter the defendant's sentence. *Diaz-Clark*, 292 F.3d at 1317 ("[A] court's modification of a sentence outside of this seven-day period is an action taken without the requisite jurisdiction, and is a legal nullity."). By waiting until almost literally the last minute to present his motion, the defendant essentially guaranteed it could not be timely reviewed and acted upon if meritorious.

With all formal means of altering his sentence unavailable, the defendant could obtain relief only if the Court possesses inherent authority to modify his sentence despite the passage of time. The Court has no such authority. "Outside of Rule 35(c) [now Rule 35(a)] there exists no 'inherent authority' for a district court to modify a sentence." *Diaz-Clark*, 292 F.3d at 1319.

For the reasons set forth above, the motion for reconsideration/review of sentence is **denied.**

DONE and ORDERED this 24th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE