IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-0224-WS |
| | ) | |
| DWAYNE DUHON, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The defendant has filed a "motion of response to an order," (Doc. 54), which the Court construes as a motion to reconsider the Court's order, (Doc. 51), denying the defendant's previous motion for reconsideration/review of sentence. As set forth in that order, sentencing was held on December 17, 2010 and judgment was orally pronounced at that time. (Doc. 36). The defendant's motion for reconsideration/review of sentence was filed January 3, 2011, (Doc. 39), some 17 days later. The Court ruled that none of the limited bases for revising a sentence after it has been imposed was possibly implicated, other than Rule 35(a), which provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

As set forth in the Court's previous order, "[t]he seven-day period [now 14-day period] set out in Rule 35(c) [now Rule 35(a)] begins to run when a sentence is orally imposed, and when seven days [now 14] are up the court loses jurisdiction to correct a sentence under that subdivision of the rule." *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2000); *accord United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002). Sentence was orally pronounced on December 17, 2010, so the 14-day period expired on December 31, 2010. Even if the time was extended because of the holiday weekend, *see* Fed. R. Crim. P. 45(a)(1), it expired no later than January 3, 2011.

[1]

The defendant's motion for reconsideration/review was not received by the Clerk until January 3, 2011. The defendant argues that his motion is rescued by the "mailbox rule" in that he delivered the motion to authorities at the Escambia County Detention Center, where he was then a guest, on December 24, 2011. (Doc. 54 at 1-2, 4). The problem, as the Court has already noted, is that its power to revise a sentence under Rule 35(a) forever expires fourteen days after sentence is orally pronounced, regardless of when a motion for such relief is deemed to be filed. *See Morrison*, 204 F.3d at 1094 (where the Court orally set aside the original sentence within seven days of sentencing but did not impose a corrected sentence until after the seven-day period expired, the Court was "without jurisdiction" to alter the sentence originally imposed); *United States v. Phillips*, 597 F.3d 1190, 1197 (11th Cir. 2010) ("[T]he court must *act* within seven [now 14] days after sentencing.") (emphasis added).

Regardless of when the defendant delivered his motion to detention center authorities, the Court's power to amend his sentence ceased to exist no later than midnight on January 3.[1] The Court did not act before this deadline,[2] and that is the end of the matter. For the reasons set forth above, the defendant's motion for reconsideration is **denied.**

DONE and ORDERED this 16th day of February, 2011.

                         s/ WILLIAM H. STEELE
                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. Hall*, 2006 WL 1806393 at *3 (N.D. Ill. 2006) (even though the defendant deposited his Rule 35(a) motion with prison authorities before the seven-day period expired, the Court lost jurisdiction to grant the motion once that period expired).

[2] The Court received the motion only on January 3, the last possible day to act and too late to come to the Court's attention before its power to act evaporated.